IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY D. JOHNNIES,

                Plaintiff,

  v.

                                                             OPINION and ORDER

WARDEN WINKLESKI, TIMOTHY
THOMAS, BRIAN CAHAK, TODD                                 22-cv-139-wmc[1]
WRIGHT, INGETHRON, and
CPT. SUBJEK,

                Defendants.

---

     Pro se plaintiff Timothy D. Johnnies alleges that defendants failed to properly keep him safe from the risk of contracting COVID-19 during an outbreak of the virus at New Lisbon Correctional Institution and then punished him with a conduct report and segregation. Johnnies seeks leave to proceed in forma pauperis, and he has made an initial partial payment of the filing fee as previously directed by the court.

     Because Johnnies is a prisoner suing government officials, I must screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In doing so, I construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011

---

[1] I am exercising jurisdiction over this case for purposes of this screening order only.

Johnnies filed both a complaint, Dkt. 1, and a proposed amended complaint, Dkt. 8. I will screen the amended complaint.[2] I conclude that Johnnies has not stated any federal claims, but I will allow him a chance to file an amended complaint that fixes this problem.

## ALLEGATIONS OF FACT

On January 10, 2022, Johnnies's cellmate began exhibiting symptoms of COVID-19 and advised Johnnies to try to move cells. A nearby cell was empty. After Johnnies tested negative for the virus in the health services unit, Sergeant Wright came to Johnnies's cell and confirmed the result. Wright also confirmed that Johnnies's cellmate had tested positive. Johnnies asked Wright to move into the nearby empty cell, explaining that a family member had died from the virus. Wright denied the request, stating that Johnnies and his cellmate were both under quarantine. Johnnies then received a memo from Security Director Brian Cahak concerning "COVID Movement Information." Dkt. 8 at 3.

Johnnies next spoke with Unit Manager Ingenthron about his situation. Johnnies told Ingenthron that he was experiencing severe anxiety and that a family member had died from COVID-19. Ingenthron also refused to let Johnnies move into the empty cell, remarking that Johnnies would be fine if he had not yet gotten sick and that the virus was like a minor cold.

Johnnies had the same conversation with Captain Subjek, who denied Johnnies's request to move cells. Citing protocol, Subjek explained that inmates who had been exposed to the virus had to remain in their cells regardless of their test results. Subjek told Johnnies that

---

[2] Johnnies also filed a motion for leave to amend his complaint. Dkt. 7. The motion will be denied as unnecessary. His original complaint has not been served on defendants, so he had the right to amend his complaint under Federal Rule of Civil Procedure 15.

2

he was "not special" and looked "to be in good health." *Id.* at 4. Johnnies did not want to remain in his cell. Subjek gave Johnnies the choice of either returning to his cell or placement in segregation.

Johnnies does not say how he answered Subjek, but Subjek placed Johnnies in segregation, and he received a 30-day disciplinary separation. Johnnies says that his cell allowed no natural sunlight and there was mold in the back "from having to take showers in cell." *Id.* He also says that he had no recreation. Warden Winkleski dismissed Johnnies's inmate complaint about having to share a cell with his COVID-positive cellmate.

ANALYSIS

Johnnies contends that defendants violated his Eighth Amendment right against cruel and unusual punishment and they were negligent by housing him with a COVID-positive cellmate. He alleges that Subjek also violated his Eighth Amendment rights by punishing him with segregation. I will also consider whether Johnnies states a claim against Subjek for retaliation under the First Amendment, because pro se plaintiffs are generally not required to plead specific legal theories. *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005).

The Eighth Amendment requires prison officials to provide inmates with humane conditions of confinement and to take reasonable measures to guarantee the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment if the official consciously disregards a substantial risk of serious harm to an inmate. *Balsewicz v. Pawlyk*, 963 F.3d 650, 654 (7th Cir. 2020). Under Wisconsin law, a claim for negligence requires the following four elements: (1) a breach of (2) a duty owed (3) that results in (4) an

injury or injuries, or damages. *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860.

Johnnies seeks damages for the risk and anxiety of having to stay in the same cell as a COVID-positive inmate. But Johnnies cannot move forward with that claim because he does not allege that he was actually harmed from those conditions. Being exposed to a mere risk of harm, without incurring harm, is not enough to maintain such a claim. *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020) ("risk is not compensable without evidence of injury"). Without a federal claim based on this conduct, I will not exercise jurisdiction over the related state-law negligence claims.

Johnnies also alleges that Subjek placed him in segregation after he challenged the decision to keep him housed with a COVID-positive inmate. Johnnies requests an injunction to expunge the conduct report from his disciplinary record. Prisoner complaints are generally protected speech under the First Amendment. *Pearson v. Welborn*, 471 F.3d 732, 738 (7th Cir. 2006). Johnnies does not say how he responded to Subjek's ultimatum. But Johnnies did not want to return to his cell despite COVID protocol, and Subjek had reason to believe that Johnnies was trying to violate the rules. These allegations do not support a retaliation claim or the requested injunctive relief. *See Hernandez-Smith v. O'Donnell*, No. 20-cv-1117-jdp, 2022 WL 3985648, at *8 (W.D. Wis. Sept. 1, 2022) (retaliation claim failed where prison official had legitimate reason for punishing plaintiff); *Turner v. Boughton*, No. 17-cv-203-jdp, 2021 WL 1200597, at *17 (W.D. Wis. Mar. 30, 2021) (retaliation claim failed where prison officials believed plaintiff was violating rules).

That leaves Johnnies's allegations about his conditions of confinement while in segregation. The Constitution does not mandate comfortable prisons. *Rhodes v. Chapman*, 452

U.S. 337, 349 (1981). But prisoners are entitled to "adequate food, clothing, shelter, and medical care." *Farmer*, 511 U.S. at 832. This includes sanitary and hygienic living conditions. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). And depriving prisoners of "out-of-cell exercise opportunities" may also violate the Eighth Amendment. *Delaney v. DeTella*, 256 F.3d 679, 684 (7th Cir. 2001).

Johnnies's allegations about these conditions are too conclusory to state a viable constitutional claim. Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Johnnies does not explain how the lack of natural sunlight and recreation, or exposure to the mold at the back of his cell, affected him. I cannot infer that being subject to these conditions over 30 days posed "a substantial risk of serious harm" to Johnnies. *Farmer*, 511 U.S. at 834. Johnnies also does not allege that any of the defendants knew he was being kept in these conditions. Individual liability under 42 U.S.C. § 1983 requires that an individual was personally involved in the alleged constitutional deprivation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017).

Johnnies has failed to state a federal claim upon which relief may be granted. I will give him a short time to file an amended complaint that fixes this problem. Johnnies must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. In drafting his amended complaint, Johnnies should remember to do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in the violation.

- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs.

- Refrain from filing exhibits with his supplement. I will not consider information contained in attachments.

- Omit legal arguments other than explaining what types of claims he wishes to bring.

If Johnnies files an amended complaint, I will screen his allegations to determine whether they state a claim upon which relief may be granted. This case will proceed against only the defendants specifically named and claims presented in the amended complaint. If Johnnies fails to timely file an amended complaint, I will dismiss this case for failure to state a claim upon which relief may be granted, and the court will record a strike against him under 28 U.S.C. § 1915(g).

## ORDER

IT IS ORDERED that

1. Plaintiff Timothy D. Johnnies's motion for leave to file an amended complaint, Dkt. 7, is DENIED as unnecessary.

2. Plaintiff's amended complaint, Dkt. 8, is DISMISSED.

3. Plaintiff may have until November 30, 2022, to file an amended complaint addressing the problems described in the opinion above. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the clerk of court is directed to send him with this order.

Entered November 9, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge